IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINA SAVIDGE, | : | ELECTRONICALLY FILED |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| PIC BROS. AUTO SALES, INC., | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**COMPLAINT**

1. This is an action by Plaintiff against her former employer, Pic Bros. Auto Sales, Inc. for violation of the overtime provisions of the Fair Labor Standards Act (FLSA) and the Pennsylvania Minimum Wage Laws.

2. Plaintiff, Regina Savidge, is an adult individual who, at the times relevant to this Complaint, resided in Muncy, Lycoming County, Pennsylvania.

3. Defendant, Pic Bros. Auto Sales, Inc. is a Pennsylvania corporation with a principal place of business at 101 North Main Street, Muncy, Lycoming County, Pennsylvania.

## JURISDICTION AND VENUE

4. This action arises under the FLSA, 29 U.S.C. § 201, *et seq*. This Court has original jurisdiction over the federal claims presented in this Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This action also arises pursuant to the Pennsylvania Minimum Wage Law, 43 P.S. § 333.104(c) and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).

6. Plaintiff was a resident of Lycoming County at all times relevant to this Complaint and the defendant is located in that same county, therefore venue is proper in the Middle District.

7. Plaintiff's employment by defendant was covered by the FLSA under both the enterprise and individual coverage provisions of the FLSA, in that plaintiff's work for defendant entailed interstate commerce, and defendant is an enterprise engaged in commerce. See 29 U.S.C. §§ 203(s)(1); 207(a)(1).

## FACTUAL BACKGROUND

8. In June, 2016 plaintiff began working for defendant Pic Bros. Auto Sales, Inc. as an automotive detailer.

9. Beginning in October, 2016, plaintiff's shift was from 9:00 a.m. until 8:00 p.m. on Mondays, Tuesdays and Wednesdays. On Thursdays and Fridays her

shift was from 9:00 a.m. until 5:00 p.m.  On Saturdays her shift was from 9:00 a.m. until 2:00 p.m.

10. Plaintiff was given no lunch breaks or any other breaks during her shifts.

11. Thus, plaintiff worked 54 hours per week, which is 14 hours over the normal 40-hour work week.

12. Despite working 14 hours of overtime each week, plaintiff was only ever paid straight time, and was not paid at the additional 1/2 overtime premium required by law for each hour in excess of forty per workweek.

13. In total plaintiff worked the months of October, November, December, January and through the week ending February 24, 2017, for which she was entitled to an overtime premium but was only paid straight pay; plaintiff worked 14 hours of overtime during each of 21 weeks.  Plaintiff was thus denied overtime premiums for 294 hours of work.

14. Plaintiff's regular rate of pay was $8.50 per hour, which results in an overtime premium of $4.25 per hour of overtime.

15. Thus, with the appropriate calculation, plaintiff is owed overtime premiums from defendant in the amount of $1,249.50 ($4.25 x 294).

16. The FLSA provides liquidated damages in an amount of double the overtime premium owed, which makes the amount owed to plaintiff from defendant $2,499.00.

## COUNT I – VIOLATION OF FLSA

17. The averments contained in paragraphs 1 through 16 are incorporated herein by reference.

18. Despite demand, the defendant has failed to pay plaintiff the overtime due to her pursuant to 29 U.S.C. § 207.

19. Plaintiff is entitled to payment for all overtime hours at a rate of 1-1/2 times her regular hourly rate.

20. Plaintiff has been damaged by the defendant's failure to pay her at the legal overtime rate.

WHEREFORE, plaintiff Regina Savidge demands judgment against the defendant for the following:

    a. Wages found due and owing;

    b. An additional amount equal to the unpaid overtime premiums found to be due and owing, as liquidated damages and any other liquidated or statutory damages available under federal or Pennsylvania law;

    c. Prejudgment interest in the event liquidated damages are not awarded;

  d. Reasonable attorney's fees and costs; and,

  e. Such other relief as the Court deems equitable and just.

### COUNT II – VIOLATION OF PENNSYLVANIA MINIMUM WAGE LAW

  21. The averments contained in paragraphs 1 through 20 are incorporated herein by reference.

  22. Despite demand, the defendant has failed to pay plaintiff the overtime due to her pursuant to 43 P.S. § 333.104(c).

  23. Plaintiff is entitled to payment for all overtime hours worked at a rate of 1-1/2 times her regular hourly rate.

  24. Plaintiff has been damaged by the defendant's failure to pay her at the overtime rate.

  WHEREFORE, plaintiff Regina Savidge demands judgment against the defendant for the following:

  a. Wages found due and owing;

  b. An additional amount equal to the unpaid overtime premiums found to be due and owing, as liquidated damages and any other liquidated or statutory damages available under federal and Pennsylvania law;

  c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorney's fees and costs; and,

e. Such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

McCORMICK LAW FIRM

By:   /s/ Austin White
     Austin White, Esquire
     PA. I.D. No. 312789
     Beau A. Hoffman, Esquire
     PA. I.D. No. 319509
     Attorneys for Plaintiff
     Regina Savidge

     835 West Fourth Street
     Williamsport, PA 17701
     (570) 326-5131
     (570) 601-0248 (fax)
     e-mail: awhite@mcclaw.com
     e-mail: bhoffman@mcclaw.com